# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Malita N. Davis<br> *Plaintiff*<br><br>v.<br><br>Brooks Law Office<br>*Assumed name for*<br>Stephen Brooks, P.S.C.<br> *Defendant*<br>Serve:<br>  Stephen A Brooks<br>  105 S Sherrin Ave.<br>  Louisville, KY 40207 | Case No. 3:14-CV-422-M |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o ("FDCPA").

2. Defendant Brooks Law Office ("Brooks") violated the FDCPA by attempting to collect fees and/or usurious interest from Plaintiff Malita Davis that it had no legal right to collect. Brooks further violated the FDCPA by threatening to sue Ms. Davis to collect a debt when it had no actual intent to do so and by sending her a "complaint" that appeared to be but was not actually legal process.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff Malita Davis is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Jefferson County, Kentucky. At all relevant times Ms. Davis was and is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Brooks Law Office ("Brooks") is an assumed name for Stephen Brooks, P.S.C. Brooks regularly collects debts due or asserted to be due to another business or other legal

entities. Brooks' principal place of business is located at 105 S Sherrin Ave., Louisville, KY 40207.

6. Brooks is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTS

### I. Facts Relating to Brooks Law Office

7. On June 11, 2013, Brooks sent Ms. Davis a dunning letter that threatened Ms. Davis with legal action to collect debts allegedly owed to Physicians in Emergency Medicine. (A copy of the June 11th letter is attached as Exhibit "A.")

8. Physicians in Emergency Medicine rendered medical services to Ms. Davis, which constitutes a personal or household purpose under the FDCPA.

9. Ms. Davis's debt to Physicians in Emergency Medicine is a "debt" within the meaning of the FDCPA

10. The June 11th dunning letter states in pertinent part:

> Subject: Notice of Intent to Litigate
>
> Dear Madam or Sir:
>
> \* \* \* \* \*
>
> You are hereby further advised that if payment is not received within 15 days of the date of this letter, suit in District Court may be commenced against you forthwith and without further notice for the amount indicated. A draft is enclosed. If this matter goes to suit, all court costs, process server's fees, sheriff's fees, attorney fees, and other post judgment costs will be added to the amount that you already owe.

Exhibit "A."

11. The June 11th dunning letter included a copy of a draft complaint, which appears to be legal process.

12. Upon information and belief, neither Brooks nor Physicians in Emergency Medicine had any intention of filing suit against Ms. Davis to collect a debt.

13. A review of court records obtained through the Kentucky Court of Justice CourtNet site reveals that Physicians in Emergency Medicine has not filed suit to collect a debt since September 20, 2012.

14. As of the date of filing this complaint, 363 days has passed since Brooks sent the June 11th letter and still no lawsuit has been filed against Ms. Davis to collect the debt to Physicians in Emergency Medicine.

15. Brooks' June 11th dunning letter also falsely claims that Physicians in Emergency Medicine had the right to sue for and collect attorney's fees from Ms. Davis.

16. Upon information and belief, Ms. Davis's contract with Physicians in Emergency Medicine does not include a provision for the recovery or payment of attorney's fees.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

17. The above-described actions by Brooks Law Office constitute violations of the Fair Debt Collection Practices Act.

18. Defendant Brooks Law Office's violations of the FDCPA include, but are not limited to, the following:

(a) Violation of 15 U.S.C. § 1692f(1): Brooks Law Office attempted to collect a debt that is not permitted by contract or law by, including but not limited to, attempting to collect attorney's fees from Ms. Davis that neither Brooks nor Physicians in Emergency Medicine had any legal right to recover from Ms. Davis;

(b) Violation of 15 U.S.C. § 1692e(2)(A): Brooks Law Office falsely represented the character, amount, and/or legal status of the debt by falsely claiming that it or Physicians in Emergency Medicine had the right to recover attorney's fees from Ms. Brooks;

(c) Violation of 15 U.S.C. § 1692e(5): Brooks Law Office threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to threatening to bring suit against Ms. Davis in attempt to collect a debt from her that Brooks had no intention of filing and by attempting to recover attorney's fees from Ms. Brooks that neither Brooks nor Physicians in Emergency Medicine had the legal right to recover; and

(d) Violation 15 U.S.C. § 1692e(13): Brooks Law Office included a "complaint" in a dunning letter to Ms. Davis and falsely represented or implied that this complaint was legal process.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyclc.com